**UNITED STATES of America, Plaintiff,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Defendant.**

**Civ. A. No. 66-C-379.**

United States District Court
D. Colorado.

June 30, 1967.

Lawrence M. Henry, U. S. Atty. for District of Colorado, Robert E. Long, Asst. U. S. Atty. for District of Colorado, Denver, Colo., for United States of America.

J. C. Street and W. L. Peck, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The above case was tried to the Court on June 22, 1967. Inasmuch as there is little dispute about the facts, formal findings are deemed unnecessary. Those facts which are important will be set forth in this opinion.

The complaint alleges that on April 1, 1966, the Railroad violated Title 45 United States Code, Sections 1 to 16, together with the Regulation issued pursuant thereto, 49 C.F.R., Sections 132.10 to 132.17, inclusive.

In essence, it is contended that notwithstanding a certain boxcar of defendant, No. 19695, had been on a repair track, there was a failure to test the brakes of the said car which had not been tested within ninety days as required by the statute and the regulation.

The crucial issue is whether the track in question was a "repair track" as that term is used in the statute and the applicable regulation. Section 9 of the Safety Appliance Act empowers the Interstate Commerce Commission to adopt rules and standards for the installation, inspection, maintenance and repair of all power or train brakes for common carriers engaged in interstate commerce by a railroad. The statute goes on to say that the standards promulgated shall be for the purpose of achieving safety. Pursuant to this provision, the Interstate Commerce Commission adopted, on May 1, 1958, the regulation relative to testing and repairing brakes on cars while on shop or repair tracks. 49 C.F.R. 132.17. This regulation provides, in pertinent part, as follows:

"132.17 *Freight and passenger train car brakes—(a) Testing and repairing brakes on cars while on shop or repair tracks.* * * *

"(2) (i) When a freight car having brake equipment not due for periodic attention as indicated by standard stenciling is on shop or repair tracks, brake equipment must be tested by use of single car testing device as prescribed by currently effective AAR Code of Tests, providing such car has not been so tested within the previous 90 days as indicated by stenciling. * * * *"

We must determine whether the track here involved was a shop, or repair track. This track is located in the Thirty-eighth Street Yard of the Chicago, Burlington & Quincy Railroad Company. It is re-

ferred to variously: sometimes it is called "Track 7," sometimes it is called "Old Rip Track 7," and at other times it is referred to as "Track 309." How it is designated is, of course, much less important than what it is.

We have examined the exhibits, including photographs of the yards of this particular track, have considered the testimony of the witnesses and all other evidence presented, and are of the opinion that it does not come within that definition as it is set forth in the regulation noted above.

The term "Rip Track" is railroad parlance for repair track, and it would appear that formerly this was such a track. However, at the present time, and for several years prior to April 1, 1966, it has not been used as a repair track. Primarily, it is a storage track. The undisputed evidence shows that ninety per cent. of its use is for temporary storage; the other ten per cent. of the time it is used for light repairs, such as repair or replacement of brakes' shoes or repair of couplings.

On the day in question, April 1, 1966, the car involved was placed on its track for the purpose of lubrication which, incidentally, we do not regard as repair. It is rather to be regarded as service. This track is not equipped with air which is necessary in most repair, but air would be available to it from other tracks and the Interstate Commerce Commission inspector testified that he has observed air being used on this track. There is heat available but this heat comes from mobile equipment and thus it could be employed on any track in the yard; therefore, this factor alone is not significant.

As we view it, the important thing here is that the track has not been used extensively for repair or shop purposes for many years. We regard this history as the crucial factor. In reaching this conclusion we do not lay down a requirement that the track be used for "heavy" repairs in order to qualify as a repair track, nor do we say that it must be used to any particular extent in order to qualify as a repair track. Moreover, the fact

that the railroad classifies or designates it in any particular way is not important. We merely hold that the recent history shows that it is not and has not been a repair track for some time. The fact that light repairs are occasionally performed here does not bring it within the definition.

It is concluded that the evidence is insufficient to justify the granting of the relief that is prayed for by the Government. Accordingly, it is

Directed that the complaint be dismissed and that the cause of action be also dismissed. The Clerk is directed to prepare a judgment disposing of the case in accordance with this opinion and these findings.